Jaime VARGAS–MAGALLON,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 02–72624, A76–728–226.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Josh Braunstein, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**604**

MEMORANDUM**

Jaime Vargas–Magallon, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We review de novo due process challenges, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

■ The IJ denied Vargas–Magallon's application for cancellation of removal because he failed to establish that his daughter, who is a United States citizen, would suffer exceptional and extremely unusual hardship if he is removed to Mexico. We lack jurisdiction to review this discretionary determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

■ We reject Vargas–Magallon's contention that he was denied due process when the IJ continued his hearing for six days due to the unavailability of the interpreter.[1] Vargas–Magallon agreed to the continuance and has not demonstrated prejudice because he did not show that the continuance affected the outcome of the proceedings. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000).

Vargas–Magallon's contention that the BIA's use of the streamlining procedure violated his right to due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Because the government has supplemented the record to include the two missing pages of the hearing transcript, we reject Vargas–Magallon's contention that

this case should be remanded for compilation of a complete transcript.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Vargas–Magallon raised this issue in his notice of appeal to the BIA, we reject

the government's contention that he failed to exhaust administrative remedies.

